IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 11, 2002 Session

## MICHAEL J. BAILEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court of Davidson County**
**No. 2001-I-240  Cheryl Blackburn, Judge**

---

**No. M2002-00736-CCA-R3-PC - Filed May 21, 2003**

---

The petitioner, Michael J. Bailey, filed a petition for post-conviction relief alleging that he was denied effective assistance of counsel.  Following an evidentiary hearing, the post-conviction court denied relief and the petitioner timely appealed.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

David M. Hopkins, Nashville, Tennessee, for the appellant, Michael J. Bailey.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Gunn and Michelle Thompson, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On March 27, 2001, the petitioner pled guilty to three counts of burglary, one count of burglary of a motor vehicle, and one count of reckless aggravated assault.  He was sentenced as a Range II offender to an effective sentence of six years and one month to be served at 35%.  Subsequently, the petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel.  Specifically, the petitioner alleged that his guilty plea to the charge of reckless aggravated assault was not entered knowingly and voluntarily.  The petitioner alleged that counsel failed to inform him as to the nature and consequences of his guilty plea; counsel failed to adequately investigate his case; counsel failed to adequately consult with the petitioner prior to his pleading guilty, and counsel failed to advise the petitioner regarding "the Elements of the Charges Against Him as They Related to the Evidence in His Case."

At the post-conviction hearing, the petitioner called David McCurdy to testify regarding the events which resulted in the petitioner's conviction for reckless aggravated assault. McCurdy testified that he was walking out of a Home Depot store when he noticed the tool box on his truck was open. He ran to the truck and discovered the petitioner unloading the vehicle. McCurdy and the petitioner "scuffled around" and McCurdy was able to detain the petitioner. However, the petitioner was able to escape and McCurdy pursued him across the parking lot. The petitioner jumped into a vehicle into which he had previously loaded McCurdy's tools. McCurdy testified that while the petitioner was in his grasp, the petitioner "threw the car in gear and dragged me along, . . . 50 yards across the parking lot." When McCurdy saw the car approaching a power pole, he "let go and kind of just came to a tumbling halt." McCurdy described his injuries as "road rash," noting that he was bleeding on the head, knees, and elbows and had scuffs and scratches. He did not seek medical treatment for his injuries.

The petitioner testified at the evidentiary hearing that he was alleging ineffective assistance of counsel only as to the charge of reckless aggravated assault. The petitioner admitted that McCurdy's testimony regarding the offense was essentially correct. The petitioner related that he met his trial counsel "on the jail docket." Counsel met with the petitioner three times prior to his plea. On the day of the plea, the petitioner and counsel reviewed the plea agreement for approximately three to four minutes. The petitioner testified that he explained to counsel the events surrounding the offense. Counsel advised him that McCurdy was seriously injured and had been hospitalized as a result of his injuries.

The petitioner contended that until he was incarcerated in the Department of Correction, he was not aware of the statutory definition of reckless aggravated assault or aggravated assault. After reading the statute defining reckless aggravated assault, the petitioner concluded that he was not guilty of the offense.

The petitioner alleged that if trial counsel had properly investigated his case, counsel would have learned that McCurdy had not been seriously injured during the altercation. The petitioner also maintained that an automobile was not a deadly weapon and therefore, he could not be guilty of reckless aggravated assault. He asserted that he was not trying to hurt McCurdy, but was simply trying to escape. The petitioner testified, "I don't believe that I used or displayed a deadly weapon, and I don't feel I acted recklessly. I don't think it fits the definition of reckless aggravated assault in any way."

On cross-examination, the petitioner admitted that he had "a few" prior felony convictions, although he was unsure of the exact number. He also conceded that he was not contesting the burglary convictions and that the plea agreement provided that all sentences would be served concurrently. The petitioner admitted that prior to his guilty plea, trial counsel advised him that he could potentially receive a twelve year sentence for each burglary conviction, and that he was eligible for consecutive sentencing. However, the Petitioner was willing to risk receiving a harsher sentence if the plea agreement were set aside, explaining, "I have never been convicted of any crime of violence in my life, and it sticks in my craw."

The petitioner's trial counsel testified that since being licensed to practice law in 1996, he had been employed by the Public Defender's Office. He first represented the petitioner on the "felony jail docket." He discussed the case with the Assistant District Attorney and learned that the petitioner had a lengthy criminal record. In addition to the charges involving McCurdy, the petitioner had been charged with burglarizing three buildings. During two of the burglaries, the victims were in the building and "one caught [the petitioner] in the act."

Prior to the petitioner's guilty plea, counsel talked with the arresting officer and also with the victim. The victim's version of events was consistent with his testimony at the post-conviction hearing. Counsel discussed with the petitioner the charges and recalled that the petitioner was upset about the aggravated assault charge. While in the courtroom preparing for the preliminary hearing, the petitioner asked counsel if he could "do six and a month and go to TDOC." Counsel relayed the request to the Assistant District Attorney who agreed to the proposal. Counsel recalled that at that point "we stopped the hearing, didn't swear in any witnesses and bound it over on an information agreement."

Counsel testified that the petitioner's present concerns about the reckless aggravated assault charge were of the same nature as the concerns he expressed at the guilty plea hearing. Counsel explained to the petitioner the elements of each charged offense and also advised the petitioner that in counsel's opinion, the State could prove that his actions constituted reckless aggravated assault. Upon the petitioner's request, counsel asked the State if the plea agreement was contingent on the petitioner pleading guilty to all charges. The State advised counsel that the proposal was a "package deal." He relayed this information to the petitioner who decided to accept the proposed plea agreement.

Counsel was aware that the petitioner had prior felony convictions and noted that the State was also aware of the convictions. He concluded that based upon the number of prior convictions, the petitioner would have been classified as a Range II offender and could have possibly been a Range III offender. According to counsel, the convictions "were all over the place." Counsel recalled that the petitioner's record included convictions in Minnesota, Texas, and a "couple of other places." Additionally, the petitioner had served a three year sentence based upon a "Federal gun conviction." At the post-conviction hearing, counsel opined that "given his record, it was a very good offer."

At the conclusion of the hearing, the post-conviction court took the matter under advisement and subsequently entered a lengthy written order denying the petition for post-conviction relief. The court made detailed findings of fact, specifically accrediting the testimony of trial counsel, concluding that the petitioner's claims were without merit.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "'Clear and convincing evidence means evidence in which there

is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). In connection with this issue, this court will review the post-conviction court's findings of fact de novo with a presumption of correctness; however, any conclusions of law will be reviewed purely de novo. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In the instant case, the record supports the post-conviction court's denial of relief.[1] The post-conviction court found that the petitioner had "affirmatively and repeatedly responded under oath to inquiries by this court regarding whether he had been advised of his rights; whether he chose to waive those rights voluntarily, knowingly and free from coercion and undue influence; and whether his legal counsel had advised him regarding the protections afforded the petitioner by those rights and the consequences of their waiver." The petitioner claimed that if he had known the "elements of the charge against him," he would not have pled guilty. He further maintained that if he had known that the victim was not seriously injured, he would not have plead guilty, but would have insisted on going to trial. Again, the petitioner is alleging ineffective assistance only as to the reckless aggravated assault charge.

As we noted, the post-conviction court accredited the testimony of trial counsel that he discussed with the petitioner the charges against him. He explained to the petitioner the elements of each offense and evaluated the strength of the State's case. Counsel testified that he advised the

---

[1] The plea agreement, judgment of conviction, and the transcript of the guilty plea hearing referenced by the trial court are not included in the record on appeal.

petitioner that the aggravated assault charge could not be separated from the other four counts because the State's offer was a "package deal." He also explained to the petitioner that in counsel's opinion, the State could prove the elements of reckless aggravated assault. The petitioner then decided to accept the State's offer.

Likewise, the record reflects that the petitioner's claim that counsel failed to adequately investigate his case is without merit. The petitioner testified that counsel advised him that he had not investigated the facts surrounding the offense and that counsel misrepresented the extent of the victim's injuries. Contrastingly, counsel testified at the post-conviction hearing that prior to the entry of the petitioner's guilty plea, he spoke with the victim. Counsel explained to the petitioner that reckless aggravated assault could be based upon either serious bodily injury or use of a deadly weapon. He explained to the petitioner that in certain circumstances an automobile could be considered a deadly weapon. Counsel was also aware of the petitioner's lengthy criminal history. Counsel stated that he did not otherwise investigate the petitioner's case because the petitioner decided to plead guilty. Based upon his review of the case, counsel believed the State made a favorable offer. Counsel opined that if "his [petitioner's] case was bound over after a hearing, anything that happened to him in criminal court would likely be worse."

In our view, the evidence does not preponderate against the post-conviction court's findings that the petitioner failed to prove that his plea was not knowing and voluntary and that counsel provided ineffective assistance. Because the petitioner has failed to demonstrate ineffective assistance, we need not address the issue of prejudice.

### III. Conclusion

Accordingly, we affirm the judgment of the post-conviction court.

---

NORMA McGEE OGLE, JUDGE